UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------

CLINTON COUNTY TREASURER,

      Appellant and Cross–Appellee,

    -v-                                                              8:13-CV-1142

DOUGLAS J. WOLINSKY, in his capacity
as Chapter 7 Trustee in the bankruptcy
estate of John W. Martin, II,

      Appellee and Cross–Appellant.

--------------------------------

APPEARANCES:                                OF COUNSEL:

MAYNARD, O'CONNOR, SMITH           ROBERT A. RAUSCH, ESQ.
    & CATALINOTTO, LLP
Attorneys for Appellant
6 Tower Place
Albany, NY 12203

PRIMMER PIPER EGGLESTON            ALEXANDRA E. EDELMAN, ESQ.
    & CRAMER PC
Attorneys for Appellee
P.O. Box 1489
150 S. Champlain Street
Burlington, VT 05402

DAVID N. HURD
United States District Judge

**MEMORANDUM–DECISION and ORDER**

## I. INTRODUCTION

Appellant Clinton County Treasurer ("the County") appeals the order of Hon. Robert E. Littlefield, Jr., Chief United States Bankruptcy Judge, denying its motion to dismiss the adversary complaint and granting, in part, appellee Douglas J. Wolinsky, Chapter 7 Trustee's ("the Trustee") motion for summary judgment.[1] The Trustee opposes the appeal, and has cross-appealed. Both appeals have been fully briefed, and were considered on submit without oral argument.

## II. BACKGROUND

Debtor John W. Martin, II ("debtor" or "Martin") owned a parcel of real property in Champlain, New York, which is located in Clinton County. After he failed to pay $2406.45 in property taxes in 2008 and 2009,[2] the County commenced an *in rem* tax foreclosure proceeding. Martin neither answered the foreclosure petition nor paid the delinquent taxes prior to the redemption deadline.[3] As a result, title to his property transferred to the County pursuant to a judgment signed on March 18, 2011, and filed in the Clinton County Clerk's Office three days later. A quitclaim deed was recorded in the Clerk's Office on March 30, 2011, formally transferring title of debtor's property to the County.

At the time of the foreclosure, the property was assessed at $42,000. In June 2011 the County sold the property at public auction to a bona fide purchaser ("BFP") for $25,500.

---

[1] Chief Judge Littlefield's written decision, dated August 13, 2013, incorporated his oral ruling of June 12, 2013, and the parties' amended stipulation dated August 5, 2013.

[2] Martin also reportedly failed to pay his property taxes in 2010 and 2011.

[3] It is undisputed that Martin received proper notice of the tax foreclosure proceeding, which was properly conducted in accordance with state law.

A quitclaim deed transferring the property to the BFP was recorded in the Clinton County Clerk's Office on June 28, 2011.

On December 20, 2011, Martin voluntarily filed a Chapter 7 bankruptcy petition in the Northern District of New York. The Trustee commenced this adversary proceeding on June 28, 2012, seeking a judgment against the County declaring the tax foreclosure transfer to be fraudulent and avoiding that transfer for the benefit of the estate pursuant to 11 U.S.C. § 548(a)(1) and ordering a monetary award against the County in the amount of the assessed value of the property ($42,000) plus interest, costs, and fees pursuant to § 550(a).

Upon completion of discovery, the County moved for summary judgment and dismissal of the adversary complaint, arguing that the tax foreclosure proceeding was not fraudulent within the intended meaning of Bankruptcy Code § 548(a)(1). The Trustee filed a cross-motion for summary judgment. Oral argument was heard on June 12, 2013, and Chief Judge Littlefield filed a written order on August 13, 2013, denying the County's motion in its entirety and granting, in part, the Trustee's cross-motion. Specifically, Chief Judge Littlefield found for the Trustee on the issue of liability, holding that the tax foreclosure proceeding is avoided pursuant to § 548(a)(1)(B) and permitting the Trustee to recover the value of the property from the County pursuant to § 550. However, he found that the Trustee could recover damages equal only to the amount realized by the County for the property at auction ($25,500), less the outstanding property taxes and expenses incurred ($4240.45), for a total award of $21,259.55.

The County appealed Chief Judge Littlefield's order on September 13, 2013. It argues that a valid pre-petition tax foreclosure proceeding and subsequent transfer of property to a BFP is not the type of fraudulent conveyance contemplated by Bankruptcy Code § 548. The

Trustee opposes and has filed a cross-appeal regarding the amount of recovery permitted pursuant to Bankruptcy Code § 550.

## III. STANDARD OF REVIEW

Federal Rule of Bankruptcy Procedure 8013 provides that a reviewing court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree, or it may remand with instructions for further proceedings." Weber v. SEFCU, 477 B.R. 308, 310 (N.D.N.Y. 2012) (Suddaby, J.) (internal quotation marks omitted), aff'd, 719 F.3d 72 (2d Cir. 2013). Generally, the district court will review the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. Id. "Mixed questions of law and fact are reviewed de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." Best Payphones, Inc. v. Manhattan Telecomms. Corp. (In re Best Payphones, Inc.), 432 B.R 46, 53 (S.D.N.Y. 2010) (internal quotation marks omitted), aff'd, 450 F. App'x 8 (2d Cir. 2011).

A factual finding is clearly erroneous where, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." H&C Dev. Grp., Inc. v. Miner (In re Miner), 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999) (internal quotation marks omitted). A party seeking to reverse a finding of fact "bears a heavy burden." Id.

## IV. DISCUSSION

### A. The County's Appeal—Section 548

The County seeks to reverse the bankruptcy court's determination that the tax foreclosure proceeding is avoided pursuant to 11 U.S.C. § 548(a)(1)(B). It maintains that a valid pre-petition state tax foreclosure proceeding and subsequent transfer of property to a

- 4 -

BFP is not an avoidable fraudulent conveyance within the meaning of § 548. It further notes that there was no intent to defraud in this case and asserts that allowing the Trustee to avoid this type of transfer impinges upon a municipality's right to collect unpaid real property taxes through foreclosure actions. The County unsuccessfully made these identical arguments in a recent analogous case. See Cnty. of Clinton v. Warehouse at Van Buren St., Inc., 496 B.R. 278, 281 (N.D.N.Y. 2013) ["Van Buren"] (Sharpe, C.J.) (affirming the order of Chief Bankruptcy Judge Littlefield).[4] As this issue involves a legal conclusion, a *de novo* review will be undertaken.

> Section 548 of the Bankruptcy Code provides, in pertinent part:
>
> (a)(1) The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation[.]

11 U.S.C. § 548(a)(1). In short, this provision allows the Trustee to avoid transfers that are tainted by actual fraud (§ 548(a)(1)(A)) or constructive fraud (§ 548(a)(1)(B)) and that took

---

[4] The County's attempt to distinguish Van Buren because that case did not involve a subsequent sale to a BFP is unpersuasive. As Chief Judge Littlefield correctly noted during oral argument, the subsequent sale to the BFP at public auction is irrelevant to the initial transfer at issue; to wit, the tax foreclosure proceeding that transferred title to the property from the debtor to the County. Indeed, there is no indication that the BFP's interest in the title to the property has been disturbed in any manner as a result of this bankruptcy action. See Hr'g Tr., ECF No. 2-5, 5–6 (explaining that the Trustee is attempting to recover the value of the property from the County, not the property itself from the BFP).

place within the two years immediately preceding the filing of the bankruptcy petition. See BFP v. Resolution Trust Corp., 511 U.S. 531, 535 (1994); Schneider v. Barnard, __ B.R. __, 2014 WL 1320007, at *5–6, 11 (E.D.N.Y. Apr. 2, 2014).

To establish a fraudulent conveyance under § 548(a)(1)(B), as applicable to this case, the following four elements must be present: "(1) the debtor had an interest in the property; (2) a transfer of that interest occurred within [two] year[s] of the filing of the bankruptcy petition; (3) the debtor was insolvent at the time of the transfer or became insolvent as a result thereof; and (4) the debtor received less than a reasonably equivalent value in exchange for such transfer." Herkimer Forest Prods. Corp. v. Cnty. of Clinton (In re Herkimer Forest Prods. Corp.), No. 04-90148, 2005 WL 6237559, at *3 (Bankr. N.D.N.Y. July 26, 2005) (internal quotation marks omitted). The party seeking to avoid a constructively fraudulent transfer bears the burden of establishing these elements by a preponderance of the evidence. Schneider, 2014 WL 1320007, at *11.[5]

The County correctly notes the Supreme Court of the United States has held that, as a matter of law, "mortgage foreclosure sales" result in "reasonably equivalent value" where the state's foreclosure laws are followed and, therefore, cannot be avoided pursuant to § 548. BFP, 511 U.S. at 545. However, as Chief Judge Sharpe pointed out in Van Buren, "[t]he Court specifically reserved on extending its holding to 'other foreclosures and forced sales (to satisfy tax liens, for example).'" Van Buren, 496 B.R. at 282 (quoting BFP, 511 U.S. at 537 n.3). The County does not cite any binding case law to support its assertion that the Supreme Court's holding in BFP applies to tax foreclosures like the one at issue here.

---

[5] The County does not put forth any arguments with regard to the four elements listed above. Its sole argument is that the transfer involved here is not, or should not be, an avoidable fraudulent conveyance within the meaning of § 548.

Instead, several federal courts in New York have specifically refused to so extend BFP in light of the "substantial differences between [state law] mortgage and in rem tax foreclosures that distinguish the two and justify their different treatment." Id. (collecting cases); see also Balaber–Strauss v. Town of Harrison (In re Murphy), 331 B.R. 107, 119–20 (Bankr. S.D.N.Y. 2005) (analyzing the differences between New York tax forfeiture law and New York mortgage foreclosure law, and rejecting the assertion that BFP applies to tax forfeitures).

The unambiguous language of § 548 allows the Trustee to avoid "any transfer" that occurred within two years prior to the filing of the bankruptcy petition and involved actual or constructive fraud. There is simply no indication that Congress intended to carve out an exception for valid *in rem* state tax foreclosure proceedings. The County tacitly conceded this at oral argument.[6] The County instead presses a policy argument, asserting that Chief Judge Littlefield's ruling hinders a municipality's right to collect unpaid property taxes through foreclosure proceedings. This argument is unpersuasive[7] and is more appropriately made before Congress.

Moreover, permitting avoidance of such tax foreclosures comports with the Bankruptcy Code's general policy favoring equal treatment of creditors. See Van Buren, 496 B.R. at 283 n.5 ("Avoidance under section 548 brings the property into the bankruptcy estate and makes it available for the benefit of all creditors as opposed to permitting a taxing district, like Clinton [County], to be enriched to the detriment of other creditors following the sale of a foreclosed

---

[6] "THE COURT: But I assume you would agree that there's no specific exemption or carve out for municipalities within 548 or 550?
[Counsel for the County]: I can't disagree with that." Hr'g Tr. 7:14–17.

[7] Indeed, the County ultimately recovered the full amount of unpaid property taxes, and the property was restored to the tax rolls.

- 7 -

upon property."); In re Murphy, 331 B.R. at 120 (New York's strong interest in enforcing its citizens' obligation to pay taxes "cannot overcome Congress' policy choice that reasonably equivalent value must be obtained for a transfer of a debtor's property in the bankruptcy context, where the rights of other creditors are prejudiced").

Finally, the assumption that debtor Martin did not act with fraudulent intent is irrelevant to the § 548(a)(1)(B) analysis. Unlike the actual fraud provision outlined in § 548(a)(1)(A), fraudulent intent is not one of the elements that the Trustee must establish to show constructive fraud under § 548(a)(1)(B). See Van Buren, 496 B.R. at 282 ("Notably, the intent of the debtor is irrelevant if avoidance is premised upon section 548(a)(1)(B).").

In sum, Chief Judge Littlefield correctly concluded that the state tax foreclosure proceeding is a "transfer" within the meaning of Bankruptcy Code § 548 and the Trustee is entitled to avoid same as a constructively fraudulent transfer pursuant to § 548(a)(1)(B).

## B. The Trustee's Cross-Appeal—Section 550

The Trustee seeks to reverse Chief Judge Littlefield's determination that it may recover only the amount realized by the County for the property at auction ($25,500), less the outstanding property taxes and expenses incurred. The Trustee argues that he is entitled to recover the assessed value of the property at the time of the fraudulent transfer ($42,000), less the tax debt owed. He maintains that the amount realized at auction is not an accurate measure of the property's value because the auction took place over two months after the tax foreclosure proceeding.[8]

---

[8] In its opposition to the cross-appeal, the County briefly notes that on September 13, 2013, the Bankruptcy Clerk issued a "Certification of Non-Compliance" with regard to the Trustee's cross-appeal. See ECF No. 1-10. This certification appears to stem from the Trustee's failure to timely file a statement of the issues to be presented on cross-appeal as required by Federal Rule of Bankruptcy Procedure 8006. The
(continued...)

"Once a transfer has been avoided, Bankruptcy Code § 550 provides that the trustee/debtor-in-possession 'may recover[,] for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property . . . .'" Geltzer v. Barish (In re Geltzer), 502 B.R. 760, 767 (Bankr. S.D.N.Y. 2013) (quoting 11 U.S.C. § 550(a)). This provision is intended to "restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." Bruno Mach. Corp. v. Troy Die Cutting Co., LLC (In re Bruno Mach. Corp.), 435 B.R. 819, 848 (Bankr. N.D.N.Y. 2010) (internal quotation marks omitted).

Section 550 neither defines "value" nor prescribes the time at which value should be measured. However, courts generally look to a property's market value at the time of the transfer—less any consideration given—when determining the proper measure of recovery pursuant to § 550. Hirsch v. Steinberg (In re Colonial Realty Co.), 226 B.R. 513, 525 (Bankr. D. Conn. 1998). This determination must be undertaken in accordance with § 550's underlying purpose to return to the bankruptcy estate what it lost as a result of the transfer.

Chief Judge Littlefield's determination that the $25,500 realized at public auction is a more appropriate measure of the value of the property than the $42,000 assessment is a factual finding subject to a clear error standard of review. See First Brandon Nat'l Bank v. Kerwin (In re Kerwin), 996 F.2d 552, 560 (2d Cir. 1993) ("No one disputes that the

---

[8](...continued)
Trustee filed said statement in this court on September 16, 2013. ECF No. 4. The County does no more than briefly highlight this procedural error. The Trustee does not address it at all. As the error is minor, does not evidence bad faith or a pattern of negligence, did not prejudice the County, and the parties have not afforded it significant attention, a harsh sanction such as dismissal of the cross-appeal is unwarranted. Such a determination is well within the discretion of a reviewing district court. See In re Harris, 464 F.3d 263, 270 (2d Cir. 2006) ("[Federal Rule of Bankruptcy Procedure 8001(a)] makes clear that a district court enjoys discretion to dismiss an appeal in all cases except where the debtor does not file a timely notice of appeal, in which case the court has no choice but to dismiss the case."); Hawkins v. Chapter 11 Tr. (In re Hawkins), 295 F. App'x 452, 453 (2d Cir. 2008) (summary order) ("[D]ismissal is not always required when an appellant fails to comply with Rule 8006's filing requirements.").

bankruptcy court's valuation comprises a finding of fact subject to review under the clearly erroneous standard.") (citing FED. R. BANKR. P. 8013).

The Trustee cannot seriously contend that the $42,000 assessment is an accurate estimation of the property's value in light of the fact that the property sold for just $25,500 at public auction only two months later. There is no suggestion that the auction was fraudulent or a sham. The parties stipulated that the property was sold to a BFP "[f]ollowing open and competitive bidding." Stipulated Set of Facts, ECF No. 2-11, ¶ 8. The two-month interval between the tax foreclosure and public auction is not a significant amount of time to substantially alter the property's market value. Thus, the value realized at the public auction is a reliable measure of the property's actual market value at the time of the tax foreclosure.

Moreover, Chief Judge Littlefield justifiably discounted the $42,000 assessment. See Hr'g Tr. 11:6–8 ("The number simply . . . is not a credible indicia of the value of the property at any given moment."). Indeed, no expert testimony was produced to support that figure. Nor does the record provide any indication of when the assessment was completed, the qualifications, if any, of the person who completed it, or the procedures he or she utilized to arrive at the $42,000 figure. In support of this appeal, the Trustee merely cites the New York Department of Taxation and Finance's website, which reports: "A property's assessment is based on its *market value*." N.Y. DEP'T OF TAXATION & FIN., *Assessments* (Feb. 22, 2012), http://www.tax.ny.gov/pit/property/learn/asmts.htm. However, this general assertion provides no context to the specific assessment in this matter.

Finally, the County correctly notes that awarding damages in excess of what it realized at the public auction sale, less the debtor's outstanding tax debt, would inequitably penalize the County for exercising its right to collect unpaid real property taxes through foreclosure

actions.

In short, the bankruptcy court's factual finding that the value of the property at the time of transfer was $25,500 is not clearly erroneous and will not be disturbed.

## V. **CONCLUSION**

The plain language of Bankruptcy Code § 548 permits the Trustee to avoid "any transfer"—including a valid state tax foreclosure proceeding—that occurred within two years prior to the filing of the bankruptcy petition and involved actual or constructive fraud. Therefore, the bankruptcy court correctly allowed the Trustee to avoid the tax foreclosure at issue. Further, the bankruptcy court's determination that $25,500 was a reliable estimate of the property's market value at the time of the tax foreclosure is not clearly erroneous.

Therefore, it is

ORDERED that

The August 13, 2013, Order of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: May 22, 2014
      Utica, New York.